## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

DONALD MOORE LIVINGSTON POMARE,

      Petitioner,

v.                                                                    CASE NO. 8:13-CV-1087-T-30TBM
                                          Crim. Case No. 8:03-CR-446-T-30TBM

UNITED STATES OF AMERICA,

      Respondent.

_____/

## <u>ORDER</u>

      This Cause is before the Court as Petitioner's Motion for Relief from Judgment of Conviction and Sentence ("Motion for Relief") (CR Dkt. 129) which the Court construed in its Order (CR Dkt. 131) of April 22, 2013 as a Motion to Vacate, Correct, or Set Aside Sentence Pursuant to 28 U.S.C. § 2255  ("§ 2255 Motion") (CV Dkt. 1).

      On December 4, 2012, Petitioner filed *pro se* his Motion for Relief.  (CR. Dkt. 129). In its Order (CR Dkt. 130) of March 12, 2013, this Court informed Petitioner that because he sought to challenge his sentence, the proper motion to file would be a § 2255 motion. Pursuant to *Castro v. United States*, 540 U.S. 375 (2003), the Court informed Petitioner of its intent to construe his Motion for Relief as a § 2255 motion and that construal's consequences.  The Court informed Petitioner that if he did not wish the Court to construe his Motion for Relief as a § 2255 motion, Petitioner should withdraw his Motion for Relief within thirty (30) days.  Alternatively, he could inform the Court to proceed with his Motion

for Relief as a § 2255 Motion, and he should include all other claims upon which he would challenge his sentence.  Petitioner did not respond, and, on April 22, 2013, after more than thirty days had passed, the Court directed the Clerk to open a civil case and docket the Motion for Relief as the instant § 2255 Motion.

A motion to vacate must be reviewed prior to service on the United States.  *See* Rule 4 of the Rules Governing § 2255 Cases.  If the "motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," the motion is properly denied without a response from the United States. 28 U.S.C. § 2255(b).  The Government need not respond because the § 2255 Motion appears on its face to be time-barred and otherwise deficient.  Consequently, the Motion will be dismissed.

## BACKGROUND

Petitioner was sentenced by this Court on April 4, 2004, after entering a guilty plea pursuant to a written plea agreement (CR Dkt. 44, Plea Agreement).  Petitioner appealed his sentence, and on June 7, 2005, the Eleventh Circuit Court of Appeals dismissed his appeal pursuant to the valid appeal waiver in his plea agreement.  Consequently, Petitioner's judgment became final on September 5, 2005.  This Court docketed Petitioner's instant § 2255 Motion (CV Dkt. 1) on April 23, 2013.

## DISCUSSION

In this § 2255 Motion, Petitioner challenges the validity of his plea-based conviction of Count Two of the Indictment (CR Dkt. 18, 2), conspiracy to possess with intent to distribute five kilograms or more of a mixture or substance containing a detectable amount

of cocaine while aboard a vessel subject to the jurisdiction of the United States. Petitioner was sentenced to 135 months imprisonment, followed by five years of supervised release. Petitioner entirely relies on *United States v. Bellaizac-Hurtado*, 700 F.3d 1245 (11th Cir. 2012), which concerns Congress's ability under the "Offences Clause" of Article I, Section 8, Clause 10 of the United States Constitution to proscribe drug-trafficking activity in the territorial waters of foreign countries. *See id.* at 1258. Petitioner cites *Bellaizac-Hurtado* to argue his sentence should be vacated due to jurisdictional defects as the Maritime Drug Law Enforcement Act under which he was convicted is now unconstitutional. As discussed below, *Bellaizac-Hurtado* is distinguishable from Petitioner's case, and Petitioner's § 2255 Motion is time-barred.

**Time Bar**

The Anti-Terrorism and Effective Death Penalty Act creates a one-year limitation period for a motion to vacate.[1] Because Petitioner's conviction was final on September 5, 2005, Petitioner's limitation period expired one year later, on September 5, 2006.[2] As noted above, Petitioner filed his Motion for Relief, construed as the instant § 2255 Motion, on

---

[1] "A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of . . . the date on which the judgment of conviction becomes final . . . ." 28 U.S.C. § 2255(f)(1).

[2] *Bellaizac-Hurtado* would not entitle Petitioner to a delayed start of the limitation period under § 2255(f)(3) as *Bellaizac-Hurtado* is a circuit court decision, and § 2255(f)(3) requires the recognition of a new right by the Supreme Court in order to delay the limitation period's start. 28 U.S.C. § 2255(f)(3). *Bellaizac-Hurtado* is also not a "fact" for the purposes of a delayed limitation period under § 2255(f)(4), which provides for beginning the limitation period on "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f)(4); *see Madaio v. United States*, 397 Fed. App'x 568, 570 (11th Cir. 2010) (unpublished) (finding "the discovery of a new court legal opinion, as opposed to new factual information affecting the claim, does not trigger the limitations period.").

December 4, 2012, more than six years beyond the one-year period of limitation under 28 U.S.C. § 2255(f).  Consequently, Petitioner's § 2255 Motion is time-barred as he has not shown he was prevented from timely filing the Motion because of extraordinary circumstances that were both beyond his control and unavoidable even with diligence. *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999).[3]  Here, Petitioner has not presented any argument to establish that extraordinary circumstances prevented him from timely filing his motion to vacate.

### *Bellaizac-Hurtado* and Jurisdiction

Even if this Court were to entertain the merits of the § 2255 Motion, it would fail.  By way of explanation only to Petitioner, the Court points out that his reliance on *Bellaizac-Hurtado* is misplaced.  Petitioner admitted in the "Facts" section of his plea agreement that, "On October 23, 2003, the [Petitioner] . . . [was] apprehended in international waters in the Carribean Basin by the United States Coast Guard . . . while attempting to transport over 4,300 pounds of cocaine from Colombia . . . to Jamaica."  (CR Dkt. 44, 13).  That admission places Petitioner in international waters at the time of his apprehension, beyond any foreign country's territorial waters. See *U.S. v. McPhee*, 336 F.3d 1269, 1273 (11th Cir. 2003) (stating the United States generally recognizes the territorial seas of foreign nations up to twelve nautical miles adjacent to recognized foreign coasts).  In addition, Petitioner also

---

[3] The Court notes that a jurisdictional challenge is not excluded from the one-year limitation period.  *See*, *e.g.*, *United States v. Williams*, 383 Fed. App'x 927, 929-30 (11th Cir. 2010) (unpublished) (finding § 2255 specifically "includes jurisdictional challenges in its enumeration of grounds for relief from sentence that may be asserted under" it); *Barreto v. United States*, 551 F.3d 95, 100 (1st Cir. 2008) (holding that jurisdictional challenges "are not exempt from § 2255's filing deadline").

admitted he was "aboard a vessel subject to the jurisdiction of the United States[,]" (CR Dkt. 18, Indictment, 2), when he pled guilty to Count Two of the Indictment.  Petitioner cannot rely on *Bellaizac-Hurtado* as it is factually distinguishable from his case despite his claim, now, that he was apprehended in a foreign country's territorial waters rather than international waters.  Ultimately, Petitioner cannot escape his earlier admissions simply by making contrary assertions now.

The Court has already given Petitioner thirty days to address his Motion's untimeliness, but Petitioner has failed to respond and give any reasons why the time-bar should not apply.  Accordingly, it is hereby ORDERED that:

1.     Petitioner's § 2255 Motion is **DISMISSED** as time-barred.  The **Clerk** is directed to terminate from pending status the § 2255 motion (CR Dkt. 132) filed in the corresponding criminal case number 8:03-CR-446-T-30TBM.

2.     The **Clerk** shall terminate any pending motions and close this case.

## DENIAL OF CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL *IN FORMA PAUPERIS*

Petitioner is not entitled to a Certificate of Appealability ("COA").  A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition.  28 U.S.C. § 2253(c)(1).  Rather, a district court must first issue a COA. § 2255(c)(2) permits issuing a COA "only if the applicant has made a substantial showing of the denial of a constitutional right."  To merit a COA, Petitioner must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the

procedural issues he seeks to raise.  *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir. 2001).  Because the motion to vacate is clearly time-barred and not entitled to a delayed start of the limitation period, Petitioner cannot meet *Slack*'s prejudice requirement.  *Slack*, 529 U.S. at 484.  Finally, Petitioner is not entitled to appeal *in forma pauperis* because he is not entitled to a COA.

Accordingly, a certificate of appealability is **DENIED**.  Leave to proceed *in forma pauperis* on appeal is **DENIED**.  Petitioner must pay the full appellate filing fee without installments unless the circuit court allows Petitioner to proceed *in forma pauperis*.

**DONE** and **ORDERED** in Tampa, Florida on April 25, 2013.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

F:\Docs\2013\13-cv-1087 Pomare relief 129.wpd